**Thomas A. MONAHAN,
Plaintiff/Petitioner,**

v.

**Babette HOLMES,
Defendant/Respondent.**

**No. 3:00CV1058 GLG.**

United States District Court,
D. Connecticut.

Aug. 10, 2001.

---

S. Giles Payne, Douglas R. Brown, Brody, Wilkinson & Ober, Southport, CT, for Plaintiff/Petitioner.

Carl J. Robie, III, John W. Persse, Steves & Robie, Sarasota, FL, for Defendant/Respondent.

## *ORDER*

GOETTEL, District Judge.

On June 29, 2001, this Court entered judgment for Babette Holmes, dismissing the action against her for lack of personal jurisdiction. The parties, particularly Attorney Robie, who appeared for Holmes, have filed numerous additional papers. Robie has made two motions for reconsideration, a motion for clarification, a motion to amend the ruling, and a motion to strike, despite the fact that it was his motion to dismiss that was granted. The parties are apparently under the impression that this case is still open as to the Babette Holmes Trust.

A review of the removal papers establishes the following facts:

1. Thomas Monahan filed a petition in Fairfield Probate Court entitled "In re Babette Holmes Trust" stating that Babette Holmes was the grantor of the trust and that she and Monahan are co-trustees. The petition sought a determination of "the rights of the trustees and of the interested parties in an account of [Monahan's] actions as co-trustee under the Trust."

2. The Probate Court accepted jurisdiction and notified Babette Holmes in Florida of the proceeding.

3. On June 8, 2000, Attorney Robie, re-captioning the pending matter as "In re: The Babette Holmes Trust, Thomas A. Monahan, Plaintiff/Petitioner v. Babette Holmes, Defendant/Respondent" removed the action to federal court based on diversity of citizenship.

By changing the title to "Monahan v. Holmes," the defendant accomplished the removal. In federal court dockets, this case has been continually styled as "Monahan v. Holmes," although the caption alone does not determine the nature of the action. We determined in an initial motion to remand based on several grounds that removal was proper, to the extent that the action was solely between Monahan and Holmes.

Issues concerning the beneficiary's mental capacity (and therefore, her authority to proceed by counsel) delayed further consideration of the matter. Thereafter, Florida proceedings upheld her competency. We later determined that this Court may not exercise personal jurisdiction over Holmes due to her lack of minimum contacts with this forum.

From our standpoint, the judgment dismissing the case against Holmes has concluded the federal proceeding. We have never assumed jurisdiction over the trust per se. If an attempt was made to remove a proceeding involving the trust itself to federal court based on diversity jurisdiction, a substantial question would have been raised, *viz.*, how to determine the diversity of the parties. This issue, however, has never been briefed by the parties, and we do not invite such briefing now.

The citizenship of trustees determines diversity jurisdiction over a trust, where the trustees are the real parties in interest in the controversy. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). If we view citizenship from the standpoint of the co-trustees, they may be diverse from each other, but neither one is diverse from the trust.

Furthermore, Moore's Federal Practice suggests that, by analogy, a trust may be viewed similarly to a corporation. *See* 17 James Wm. Moore et al., *Moore's Federal Practice* § 110.03[5] (3d ed.2001) (analyzing residence for purposes of venue). An action involving a corporation does not have diversity unless both its place of incorporation and the principal place of business of the corporation are diverse from the other parties. *See* 28 U.S.C. § 1332(c). By analogy, here, the trust was created in Florida, but, according to co-trustee Monahan, has had its principal place of business in Connecticut, at least in recent years. That suggests an absence of diversity jurisdiction.

In any event, the trust itself is not, and never has been, before this Court. Having afforded this matter sufficient consideration, the Court hereby directs the parties to cease filing applications regarding the trust or Ms. Holmes with this Court.

SO ORDERED.